IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


JAMES ROBERT BROOKS                       :
            Petitioner,

                                                          CIVIL ACTION
                                          :               NO. 09-5120

            v.


DAVID DIGUGLIELMO, et al.                 :
            Respondents.


## ORDER


AND NOW, this 27th day of May, 2010, upon consideration of: James Robert Brooks'

Petition for Writ of Habeas Corpus (Doc. No. 1); Respondents' Answer thereto (Doc. No. 6);

Magistrate Judge Lynne A. Sitarski's Report and Recommendation (Doc. No. 10); and,

Petitioner's Objections thereto (Doc. No. 11),[1] it is hereby ORDERED and DECREED that:

---

[1]  Although Mr. Brooks has filed what has been labeled on the dockets as "Petitioner's
Objections to Magistrate Judge Lynne A. Sitarski's Report and Recommendation" (Doc. No. 11),
a review of this document demonstrates that it does not contain any Objections to the Report and
Recommendation. Instead, Petitioner apparently takes issue with the manner in which the
Government addressed certain issues in its Memorandum dated February 3, 2010. Inasmuch as
there is absolutely no indication in this document that Petitioner objects to any finding that the
Honorable Sitarski has made in her Report and Recommendation, this Court views the same as
being without objection. *See* Fed. R. Civ. P. 72(b)(3). *See also, Kirk v. Meyer,* 279 F. Supp. 2d
617, 619 (E.D. Pa. 2003)*.*

     This Court does note that in Paragraph 5 of said Document, Petitioner requests court-
appointed counsel. Appointment of counsel in a non-death penalty habeas matter such as this is
purely discretional. *See* 18 U.S.C. § 3006A(a)(2). In assessing such a request, the court must be
mindful of the following:

          There is no "automatic" constitutional right to counsel in a federal habeas corpus
          proceeding. "It has not been held that there is any general obligation of the courts,
          state or federal, to appoint counsel for prisoners who indicate, without more, that
          they wish to seek post-conviction relief." Any person seeking relief under § 2254

(1) The Magistrate's Report and Recommendation is APPROVED and ADOPTED;

(2) Petitioner's Petition is DENIED and DISMISSED;

(3) There exists no substantial showing of the denial of a constitutional right which would require the issuance of a certificate of appealability; and,

(4) The Clerk shall close this matter for statistical purposes.

BY THE COURT:

/s/ C. Darnell Jones II J.

---

may be granted counsel, however, "whenever the United States magistrate or the court determines that the interests of justice so require and such person is financially unable to obtain representation." Under these guidelines, the district court must first decide if the petitioner has presented a non-frivolous claim and if the appointment of counsel will benefit the petitioner and the court. Factors influencing a court's decision include the complexity of the factual and legal issues in the case, as well as the pro se petitioner's ability to investigate facts and present claims. Courts have held, for example, that there was no abuse of a district court's discretion in failing to appoint counsel when no evidentiary hearing was required and the issues in the case had been narrowed, or the issues were "straightforward and capable of resolution on the record," or the petitioner had "a good understanding of the issues and the ability to present forcefully and coherently his contentions."

*Reese v. Fulcomer*, 946 F.2d 247, 263-264 (3d Cir. Pa. 1991)(citations omitted), *cert. denied,* 503 U.S. 988, 112 S. Ct. 1679, 118 L. Ed. 2d 396 (1992). *See also Franek v. Ctr. County Court of Common Pleas*, 2009 U.S. Dist. LEXIS 108664, at **3-4 (M.D. Pa. Nov. 20, 2009).

Upon complete review of this matter, this Court is of the opinion that the interests of justice do not warrant appointment of counsel, primarily because the issues involved herein are in fact "straightforward and capable of resolution on the record." *Reese* at 264 (quoting Ferguson v. Jones*, 905 F.2d 211, 214 (8th Cir. 1990)).